UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ESTATE OF C.G. by and through
DIANA WAGNER as Personal
Representative, and JEFFREY GILL,

Plaintiffs,

v. CASE NO: 5:26-cv-00477-AGM-PRL

AMAZON.COM SERVICES, LLC d/b/a
AMAZON.COM, INC.,

Defendant.
_______________________________________/

**COMPLAINT**

The Plaintiffs, ESTATE OF C.G. by and through Diana Wagner as Personal Representative, and JEFFREY GILL, by and through the undersigned counsel, hereby file this Complaint against the Defendant, AMAZON.COM SERVICES, LLC d/b/a AMAZON.COM, INC. ("AMAZON"), and in support thereof alleges as follows:

1. This is an action for damages that exceeds $50,000.00 (fifty thousand dollars), exclusive of attorneys' fees and costs.

2. This action on behalf of the ESTATE OF C.G. is brought pursuant to the Florida Wrongful Death Act, Florida Statute sections 768.16 – 768.26.

3. This action on behalf of the ESTATE OF C.G. is brought by Diana Wagner as the personal representative of the Estate of C.G.

4. That at all times pertinent to this action, Diana Wagner was a resident Florida, and as the personal representative of the ESTATE OF C.G., is entitled to maintain this action for the benefit of C.G.'s estate and survivors.

5. Pursuant to the Florida Wrongful Death Act, the statutory survivors of C.G. include the following: (1) his father, Jeffrey Gill; (2) his mother, Diana Wagner.

6. That at all times pertinent to this action, C.G., was a resident of Florida.

7. At all times material hereto, Plaintiff, JEFFREY GILL, was and is a resident of Sumter County, Florida.

8. At all times material hereto, Defendant AMAZON, was and is a foreign for-profit company, with its principal place of business in the State of Washington, and which regularly conducted business in the State of Florida, including in Sumter County, Florida.

9. The Court has jurisdiction over this matter based upon the Notice of Removal previously filed by the Defendant on or about July 1, 2026 (Doc. 1).[1]

**<u>GENERAL ALLEGATIONS – BURGLARY, AGGRAVATED ASSAULT, ATTEMPTED MURDER AND MURDER</u>**

10. On or about June 1, 2024, Plaintiff, JEFFREY GILL, was present within the home that served as his residence, on the premises located at 6611 CR 148, Wildwood, Sumter County, Florida (the "Residence").

---

[1] This cause was originally filed in the Circuit Court in and for Sumter County, Florida. The Defendant thereafter removed the case to this Court. The instant Complaint is being filed in compliance with this Court's August 27, 2026 Order (Doc. 17), striking the Complaint for failure to abide by the Court' Standing Order requiring disclosure of third-party funding and use of artificial intelligence; in that Order the Court granted leave to refile the Complaint.

11. On or about June 1, 2024, also present within the Residence was C.G., the minor son of DIANA WAGNER and Plaintiff, JEFFREY GILL.

12. On or about June 1, 2024, an individual by the name of Alexander Warren Hernandez approached the Residence.

13. At all times material hereto, the individual by the name of Alexander Warren Hernandez was a minor, whose age at the time was sixteen (16) years old.

14. On or about June 1, 2024, at approximately ten o'clock P.M., the individual by the name of Alexander Warren Hernandez, clad all in black and with his face disguised, forced his way into the Residence, armed with multiple bladed deadly weapons, including two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife.[2]

15. On or about June 1, 2024, after the individual by the name of Alexander Warren Hernandez forced his way into the Residence, he encountered C.G., whom the individual by the name of Alexander Warren Hernandez proceeded to attack with one or more of the deadly bladed weapons in his possession, causing severe wounds to C.G., including an approximately thirty-eight (38) centimeter gaping defect wound in C.G's upper back which wound extended at its deepest point to a depth of approximately nine and one-half (9.5) centimeters into C.G's torso.

[2] Whereas a "sickle" may normally be considered a garden tool type of blade, these two "Valhalla Sickle Knives" were very clearly not tools for yard work, and instead, as described herein, were clearly "tactical knives" and/or "weapons".

16. On or about June 1, 2024, the individual by the name of Alexander Warren Hernandez threatened to attack a third individual within the Residence, with one or more of the deadly bladed weapons.

17. On or about June 1, 2024, upon hearing the noise of the brutal attack on his son, the Plaintiff, JEFFREY GILL, approached the area where his son lay severely injured, whereupon the individual by the name of Alexander Warren Hernandez attacked the Plaintiff, JEFFREY GILL, with one or more of the deadly bladed weapons, causing severe injuries to the Plaintiff, JEFFREY GILL.

18. On or about June 1, 2024, C.G. was emergently transported to the hospital via helicopter, but ultimately succumbed to his injuries and died as a result of the attack by the individual by the name of Alexander Warren Hernandez using the deadly bladed weapons.

19. On or about June 1, 2024, the Plaintiff, JEFFREY GILL, was emergently transported to the hospital due to the injuries he suffered as a result of the attack by the individual by the name of Alexander Warren Hernandez using the deadly bladed weapons.

20. The individual, by the name of Alexander Warren Hernandez fled the Residence, and was ultimately located a short time later by the police, and was arrested.

21. The individual by the name of Alexander Warren Hernandez confessed to the police that he was angry at a minor female that lived in the Residence because they had broken up recently, so he ordered the bladed deadly

weapons from AMAZON, waited for them to be delivered by AMAZON, and then upon receipt of the deadly bladed weapons from AMAZON, went to the Residence with the intent of attacking and/or killing one or more persons inside the Residence.

22. The individual by the name of Alexander Warren Hernandez had previously threatened the minor female that if they broke up, he would kidnap her.

23. The individual by the name of Alexander Warren Hernandez had previously threatened to come to the Residence after an argument with C.G.

24. The individual by the name of Alexander Warren Hernandez had previously been diagnosed with one or more mental health conditions, including but not limited to depression and a mood disorder, as well has having previously engaged in suicidal ideation and been subject to one or more involuntary examinations and/or commitments related to a mental illness as a result of which he represented a substantial risk of harm to himself or others; he was also prescribed one or more medications including an antidepressant.

## GENERAL ALLEGATIONS – AMAZON'S MARKETING, SALE AND DELIVERY OF THE DEADLY BLADED WEAPONS TO ALEXANDER WARREN HERNANDEZ

25. At all times material hereto, Defendant AMAZON marketed, sold, distributed and delivered products within the State of Florida, in the ordinary course of commerce, trade, business and/or use.

26. The individual by the name of Alexander Warren Hernandez ordered from Defendant AMAZON two (2) Valhalla Sickle Knives, an example of which is depicted here:



27. The individual by the name of Alexander Warren Hernandez ordered from Amazon one (1) Tac Force "karambit"-style tactical knife, an example of which is depicted here:



28. At all times material hereto, Defendant AMAZON's website described the deadly bladed weapons as "tactical" or even specifically as a "weapon."

29. At all times material hereto, Defendant AMAZON was the seller of the bladed deadly weapons to the individual by the name of Alexander Warren Hernandez, specifically the two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife.

30. At all times material hereto, Defendant AMAZON directly enabled the sale to the individual by the name of Alexander Warren Hernandez of the bladed deadly weapons, specifically the two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife, to take place.

31. At all times material hereto, Defendant AMAZON had possession of the bladed deadly weapons, specifically the two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife, that were sold to the individual by the name of Alexander Warren Hernandez.

32. At all times material hereto, Defendant AMAZON collected the payment for the sale of the bladed deadly weapons, specifically the two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife, to the individual by the name of Alexander Warren Hernandez.

33. At all times material hereto, Defendant AMAZON delivered the bladed deadly weapons, specifically the two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife, to the individual by the name of Alexander Warren Hernandez.

34. At all times material hereto, Defendant AMAZON retained control of the transaction by which the sale and delivery of the bladed deadly weapons to the individual by the name of Alexander Warren Hernandez, specifically the two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife, took place.

35. The two (2) Valhalla Sickle Knives and one (1) Tac Force "karambit"-style tactical knife, were "weapons" as that term is defined by Florida Statute section 790.001(20).

36. The individual by the name of Alexander Warren Hernandez ordered from Defendant AMAZON the bladed deadly weapons only a few days prior to committing the attack on the Plaintiff and C.G.; at the time he ordered them, he intended to use them in a violent manner.

37. At the time the individual by the name of Alexander Warren Hernandez ordered from, purchased from and arranged for the delivery by,

Defendant AMAZON, to his home of the deadly bladed weapons, there was no check or verification of his age, or of his mental health, or of his intended use of the deadly bladed weapons.

38. At the time that the deadly bladed weapons were delivered by Defendant AMAZON to the individual by the name of Alexander Warren Hernandez, there was no verification of his age, his mental health, or of his intended use of those weapons.

39. The individual by the name of Alexander Warren Hernandez received the bladed deadly weapons, purchased from and delivered by Defendant, AMAZON, only approximately two (2) hours before attacking C.G. and Plaintiff, JEFFREY GILL.

40. At all times material hereto, the Plaintiff, JEFFREY GILL, did not cause or contribute in any way to the circumstances or to the injuries and damages he suffered.

41. At all times material hereto, C.G. did not cause or contribute in any way to the circumstances or to the injuries and damages he suffered.

**COUNT I – WRONGFUL DEATH – NEGLIGENCE – CLAIM AGAINST DEFENDANT, AMAZON**

42. Plaintiff re-alleges and re-affirms the allegations contained in Paragraphs 1 through 41 above as if fully set forth herein and further alleges as follows:

43. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute

and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would reasonably, safely, carefully and/or prudently obtain and/or utilize them. More specifically, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would refrain from actions including, but not limited to, utilizing those deadly bladed weapons to attack and/or injure and/or attempt to kill and/or kill other persons.

44. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, only to persons who were adults and/or who had the express consent of a parent or guardian to obtain such weapons.

45. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, only to persons who were of sound mind at the time of purchasing and/or receiving such weapons.

46. At all times material hereto, Defendant AMAZON was negligent by failing to take reasonable steps and/or measures, including but not limited to, the following:

a. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were adults;

b. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were of sound mind;

c. Failing to take reasonable steps or measures to prevent persons who were not adults from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons;

d. Failing to take reasonable steps or measures to prevent persons who were not of sound mind from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons;

e. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website;

f. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time

that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website;

g. Failing to take reasonable steps or measures to prevent persons who were not adults from purchasing on Defendant AMAZON's website the deadly bladed weapons;

h. Failing to take reasonable steps or measures to prevent persons who were not of sound mind from purchasing on Defendant AMAZON's website the deadly bladed weapons;

i. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person purchased the deadly bladed weapons on Defendant AMAZON's website;

j. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person purchased the deadly bladed weapons on Defendant AMAZON's website;

k. Improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor;

l. Improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind;

m. Failing to take reasonable steps or measures to prevent persons who were not adults from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website;

n. Failing to take reasonable steps or measures to prevent persons who were not of sound mind from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website;

o. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website;

p. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website;

q. Improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor; and/or

r. Improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind.

47. The Defendant, AMAZON, breached its duty and was thereby negligent, to the injury and death of C.G.

48. As a direct and proximate result of Defendant AMAZON's negligent acts or omissions, C.G. suffered severe injuries and died.

49. At the time of his death, C.G. was fifteen (15) years old, and left behind his father, Jeffrey Gill and his mother, Diana Wagner; all of whom are potential beneficiaries of a recovery for wrongful death.

50. As a direct and proximate result of the negligence of the Defendant, AMAZON, and the death of C.G., his parents Jeffrey Gill and Diana Wagner, suffered loss of his companionship, instruction and guidance, suffered mental pain and suffering as a result of their son's injury and death, suffered the loss of support and services from the date of their son's injury until his death, suffered the loss of future support and services from the date of their son's death, and incurred medical and funeral expenses due to their son's death.

51. The ESTATE OF C.G., by and through Diana Wagner, Personal Representative, therefore seeks damages on behalf of Jeffrey Gill and Diana

Wagner, C.G.'s parents, as statutory survivors, for their loss of his companionship, instruction and guidance, for their mental pain and suffering as a result of their son's injury and death, for their loss of support and services from the date of their son's injury until his death, for the loss of future support and services from the date of their son's death, and for medical and funeral expenses due to their son's death.

52. As a direct and proximate result of the negligence of the Defendant, AMAZON, and the death of C.G., the ESTATE OF C.G. suffered the loss of the earnings of C.G. from the date of the death of C.G. until the date of judgment, plus all accrued interest; suffered the loss of the prospective earnings of C.G. after the date of judgment, had C.G. lived out a normal life; suffered the loss of the value of the estate and/or net accumulations of C.G. had C.G. lived out a normal life; incurred medical expenses for the care and treatment of the injuries to C.G.; and incurred funeral expenses related to the death of C.G..

53. The ESTATE OF C.G., by and through Diana Wagner, Personal Representative, therefore seeks damages on behalf of the ESTATE OF C.G. for the loss of the earnings of C.G. from the date of the death of C.G. until the date of judgment, plus all accrued interest; for the loss of the prospective earnings of C.G. after the date of judgment, had C.G. lived out a normal life; for the loss of the value of the estate and/or net accumulations of C.G. had C.G. lived out a normal life; for medical expenses for the care and treatment of the injuries to C.G.; and for funeral expenses related to the death of C.G.

WHEREFORE, Plaintiff, ESTATE OF C.G., demands judgment against Defendant, AMAZON, for damages in excess of $50,000.00 plus costs of this action and any other relief so entitled under Florida law.

**COUNT II - PLAINTIFF, JEFFREY GILL'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT, AMAZON**

54. The Plaintiff, JEFFREY GILL, reiterates, incorporates and restates the allegations set forth in paragraphs 1 through 41 as if fully set forth herein, and further alleges as follows:

55. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would reasonably, safely, carefully and/or prudently obtain and/or utilize them. More specifically, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would refrain from actions including, but not limited to, utilizing those deadly bladed weapons to attack and/or injure and/or attempt to kill and/or kill other persons.

56. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed

weapons described herein, only to persons who were adults and/or who had the express consent of a parent or guardian to obtain such weapons.

57. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, only to persons who were of sound mind at the time of purchasing and/or receiving such weapons.

58. At all times material hereto, Defendant AMAZON was negligent by failing to take reasonable steps and/or measures, including but not limited to, the following:

a. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were adults;

b. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were of sound mind;

c. Failing to take reasonable steps or measures to prevent persons who were not adults from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons;

d. Failing to take reasonable steps or measures to prevent persons who were not of sound mind from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons;

e. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website;

f. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website;

g. Failing to take reasonable steps or measures to prevent persons who were not adults from purchasing on Defendant AMAZON's website the deadly bladed weapons;

h. Failing to take reasonable steps or measures to prevent persons who were not of sound mind from purchasing on Defendant AMAZON's website the deadly bladed weapons;

i. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that

person purchased the deadly bladed weapons on Defendant AMAZON's website;

j. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person purchased the deadly bladed weapons on Defendant AMAZON's website;

k. Improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor;

l. Improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind;

m. Failing to take reasonable steps or measures to prevent persons who were not adults from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website;

n. Failing to take reasonable steps or measures to prevent persons who were not of sound mind from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website;

o. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website;

p. Failing to engage in reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website;

q. Improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor; and/or

r. Improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind.

59. The Defendant, AMAZON, breached its duty and was thereby negligent, to the injury of the Plaintiff, JEFFREY GILL.

60. As a direct and proximate result of the negligence of the Defendant, AMAZON, the Plaintiff, JEFFREY GILL, suffered serious injuries, including, but not limited to:

a. Bodily injuries and resulting pain and suffering; and/or

b. Impairment; and/or
c. Disability; and/or
d. Disfigurement; and/or
e. Mental anguish; and/or
f. Loss of capacity for the enjoyment of life; and/or
g. Loss of earnings, past, present, and future; and/or
h. Loss of earning capacity; and/or
i. Medical expenses for the care and treatment of his injuries; and/or
j. Aggravation of a pre-existing condition.

61. Said injuries are a significant and permanent loss of an important bodily function and/or a permanent injury within a reasonable degree of medical probability and/or a significant or permanent scarring or disfigurement, and continue in their nature, and Plaintiff, JEFFREY GILL, will suffer such losses and impairment in the future.

WHEREFORE, Plaintiff, JEFFREY GILL, demands judgment against the Defendant, AMAZON, for damages in excess of $50,000.00, plus costs of this action, and any other relief so entitled under Florida law.

**COUNT III – CLAIM FOR WRONGFUL DEATH – NEGLIGENCE PER SE – AGAINST DEFENDANT, AMAZON**

62. Plaintiff re-alleges and re-affirms the allegations contained in Paragraphs 1 through 53 above as if fully set forth herein and further alleges as follows:

63. At all times material hereto, Defendant AMAZON's, actions of selling and/or bartering and/or transferring and/or giving of weapons and/or dangerous weapons, including all associated and/or related actions, were subject to the application of Florida Statutes, including but not limited to Florida Statute section 790.17.

64. At all times material hereto, Defendant, AMAZON, in the normal course of its business and/or operation and/or trade, sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of Alexander Warren Hernandez.

65. At all times material hereto, the deadly bladed weapons described herein were “weapons” and/or “dangerous weapons” as those terms are defined in Florida Statutes, specifically in Florida Statute Chapter 790.

66. At all times material hereto, Defendant AMAZON failed to comply with applicable Florida Statutes, including but not limited to Florida Statute section 790.17, and thereby breached their duties by failing to use reasonable care by, by actions and/or inactions including but not limited to, the following:

a. Sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of Alexander Warren Hernandez, at a time when that person was a minor;

b. Sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of Alexander Warren Hernandez, at a time when that person was a minor, without obtaining the permission of that person’s parent(s) and/or guardian(s); and/or

c. Sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of

Alexander Warren Hernandez, at a time when that person was not of sound mind.

67. The violation of applicable statutes constitutes negligence per se.

68. In the alternative, the violation of applicable statutes constitutes evidence of negligence.

69. As a direct and proximate result of Defendant AMAZON's negligent acts or omissions, C.G. suffered severe injuries and died.

70. At the time of his death, C.G. was fifteen (15) years old, and left behind his father, Jeffrey Gill and his mother, Diana Wagner; all of whom are potential beneficiaries of a recovery for wrongful death.

71. As a direct and proximate result of the negligence of the Defendant, AMAZON, and the death of C.G., his parents Jeffrey Gill and Diana Wagner, suffered loss of his companionship, instruction and guidance, suffered mental pain and suffering as a result of their son's injury and death, suffered the loss of support and services from the date of their son's injury until his death, suffered the loss of future support and services from the date of their son's death, and incurred medical and funeral expenses due to their son's death.

72. The ESTATE OF C.G., by and through Diana Wagner, Personal Representative, therefore seeks damages on behalf of Jeffrey Gill and Diana Wagner, C.G.'s parents, as statutory survivors, for their loss of his companionship, instruction and guidance, for their mental pain and suffering as a result of their son's injury and death, for their loss of support and services from the date of their

son's injury until his death, for the loss of future support and services from the date of their son's death, and for medical and funeral expenses due to their son's death.

73. As a direct and proximate result of the negligence of the Defendant, AMAZON, and the death of C.G., the ESTATE OF C.G. suffered the loss of the earnings of C.G. from the date of the death of C.G. until the date of judgment, plus all accrued interest; suffered the loss of the prospective earnings of C.G. after the date of judgment, had C.G. lived out a normal life; suffered the loss of the value of the estate and/or net accumulations of C.G. had C.G. lived out a normal life; incurred medical expenses for the care and treatment of the injuries to C.G.; and incurred funeral expenses related to the death of C.G..

74. The ESTATE OF C.G., by and through Diana Wagner, Personal Representative, therefore seeks damages on behalf of the ESTATE OF C.G. for the loss of the earnings of C.G. from the date of the death of C.G. until the date of judgment, plus all accrued interest; for the loss of the prospective earnings of C.G. after the date of judgment, had C.G. lived out a normal life; for the loss of the value of the estate and/or net accumulations of C.G. had C.G. lived out a normal life; for medical expenses for the care and treatment of the injuries to C.G.; and for funeral expenses related to the death of C.G.

WHEREFORE, Plaintiff, ESTATE OF C.G., demands judgment against Defendant, AMAZON, for damages in excess of $50,000.00 plus costs of this action and any other relief so entitled under Florida law.

**COUNT IV – PLAINTIFF, JEFFREY GILL'S CLAIM FOR NEGLIGENCE PER SE AGAINST DEFENDANT, AMAZON**

75. The Plaintiff, JEFFREY GILL, reiterates, incorporates and restates the allegations set forth in paragraphs 1 through 41 and 54 through 61, above, as if fully set forth herein, and further alleges as follows:

76. At all times material hereto, Defendant AMAZON's, actions of selling and/or bartering and/or transferring and/or giving of weapons and/or dangerous weapons, including all associated and/or related actions, were subject to the application of Florida Statutes, including but not limited to Florida Statute section 790.17.

77. At all times material hereto, Defendant, AMAZON, in the normal course of its business and/or operation and/or trade, sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of Alexander Warren Hernandez.

78. At all times material hereto, the deadly bladed weapons described herein were "weapons" and/or "dangerous weapons" as those terms are defined in Florida Statutes, specifically in Florida Statute Chapter 790.

79. At all times material hereto, Defendant AMAZON failed to comply with applicable Florida Statutes, including but not limited to Florida Statute section 790.17, and thereby breached their duties by failing to use reasonable care by, by actions and/or inactions including but not limited to, the following:

a. Sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of

Alexander Warren Hernandez, at a time when that person was a minor;

b. Sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of Alexander Warren Hernandez, at a time when that person was a minor, without obtaining the permission of that person's parent(s) and/or guardian(s); and/or

c. Sold and/or bartered and/or transferred and/or gave the deadly bladed weapons described herein, to the individual by the name of Alexander Warren Hernandez, at a time when that person was not of sound mind.

80. The violation of applicable statutes constitutes negligence per se.

81. In the alternative, the violation of applicable statutes constitutes evidence of negligence.

82. As a direct and proximate result of the negligence of the Defendant, AMAZON, the Plaintiff, JEFFREY GILL, suffered serious injuries, including, but not limited to:

a. Bodily injuries and resulting pain and suffering; and/or
b. Impairment; and/or
c. Disability; and/or
d. Disfigurement; and/or
e. Mental anguish; and/or
f. Loss of capacity for the enjoyment of life; and/or
g. Loss of earnings, past, present, and future; and/or
h. Loss of earning capacity; and/or
i. Medical expenses for the care and treatment of his injuries; and/or

j. Aggravation of a pre-existing condition.

83. Said injuries are a significant and permanent loss of an important bodily function and/or a permanent injury within a reasonable degree of medical probability and/or a significant or permanent scarring or disfigurement, and continue in their nature, and Plaintiff, JEFFREY GILL, will suffer such losses and impairment in the future.

WHEREFORE, Plaintiff, JEFFREY GILL, demands judgment against the Defendant, AMAZON, for damages in excess of $50,000.00, plus costs of this action, and any other relief so entitled under Florida law.

**COUNT V – CLAIM FOR WRONGFUL DEATH – NEGLIGENT MODE OR MANNER OF OPERATION – AGAINST DEFENDANT AMAZON**

84. Plaintiff re-alleges and re-affirms the allegations contained in Paragraphs 1 through 53 and 62 through 74 above as if fully set forth herein and further alleges as follows:

85. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would reasonably, safely, carefully and/or prudently obtain and/or utilize them. More specifically, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would refrain

from actions including, but not limited to, utilizing those deadly bladed weapons to attack and/or injure and/or attempt to kill and/or kill other persons.

86. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, only to persons who were adults and/or who had the express consent of a parent or guardian to obtain such weapons.

87. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to C.G., to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, only to persons who were of sound mind at the time of purchasing and/or receiving such weapons.

88. At all times material hereto, Defendant AMAZON breached its duty to C.G., and was negligent in its manner and/or mode of operation, in one or more of the following ways:

a. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were adults, thereby creating a dangerous and/or hazardous condition;

b. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were of sound mind, thereby creating a dangerous and/or hazardous condition;

c. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not adults from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

d. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not of sound mind from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

e. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

f. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

g. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not adults from purchasing on Defendant AMAZON's website the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

h. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not of sound mind from purchasing on Defendant AMAZON's website the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

i. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person purchased the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

j. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the

individual by the name of Alexander Warren Hernandez was of sound mind at the time that person purchased the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

k. Negligently engaging in a practice of improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor, thereby creating a dangerous and/or hazardous condition;

l. Negligently engaging in a practice of improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind, thereby creating a dangerous and/or hazardous condition;

m. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not adults from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

n. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not of sound mind from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

o. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

p. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

q. Negligently engaging in a practice of improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor, thereby creating a dangerous and/or hazardous condition;

r. Negligently engaging in a practice of improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind, thereby creating a dangerous and/or hazardous condition; and/or

s. Negligently engaging in a practice of failing to abide by applicable statutes, including but not limited to Florida Statute section 790.17,

regarding the sale or transfer of weapons to minors and/or persons not of sound mind, the violation of which statute constitutes negligence per se or evidence of negligence, and thereby creating a dangerous and/or hazardous condition.

89. The dangerous and/or hazardous condition was reasonably foreseeable to the Defendant, AMAZON, as a result of the Defendant's manner or mode of operation.

90. As a direct and proximate result of Defendant AMAZON's negligent acts or omissions, C.G. suffered severe injuries and died.

91. At the time of his death, C.G. was fifteen (15) years old, and left behind his father, Jeffrey Gill and his mother, Diana Wagner; all of whom are potential beneficiaries of a recovery for wrongful death.

92. As a direct and proximate result of the negligence of the Defendant, AMAZON, and the death of C.G., his parents Jeffrey Gill and Diana Wagner, suffered loss of his companionship, instruction and guidance, suffered mental pain and suffering as a result of their son's injury and death, suffered the loss of support and services from the date of their son's injury until his death, suffered the loss of future support and services from the date of their son's death, and incurred medical and funeral expenses due to their son's death.

93. The ESTATE OF C.G., by and through Diana Wagner, Personal Representative, therefore seeks damages on behalf of Jeffrey Gill and Diana Wagner, C.G.'s parents, as statutory survivors, for their loss of his companionship,

instruction and guidance, for their mental pain and suffering as a result of their son's injury and death, for their loss of support and services from the date of their son's injury until his death, for the loss of future support and services from the date of their son's death, and for medical and funeral expenses due to their son's death.

94. As a direct and proximate result of the negligence of the Defendant, AMAZON, and the death of C.G., the ESTATE OF C.G. suffered the loss of the earnings of C.G. from the date of the death of C.G. until the date of judgment, plus all accrued interest; suffered the loss of the prospective earnings of C.G. after the date of judgment, had C.G. lived out a normal life; suffered the loss of the value of the estate and/or net accumulations of C.G. had C.G. lived out a normal life; incurred medical expenses for the care and treatment of the injuries to C.G.; and incurred funeral expenses related to the death of C.G..

95. The ESTATE OF C.G., by and through Diana Wagner, Personal Representative, therefore seeks damages on behalf of the ESTATE OF C.G. for the loss of the earnings of C.G. from the date of the death of C.G. until the date of judgment, plus all accrued interest; for the loss of the prospective earnings of C.G. after the date of judgment, had C.G. lived out a normal life; for the loss of the value of the estate and/or net accumulations of C.G. had C.G. lived out a normal life; for medical expenses for the care and treatment of the injuries to C.G.; and for funeral expenses related to the death of C.G.

WHEREFORE, Plaintiff, ESTATE OF C.G., demands judgment against Defendant, AMAZON, for damages in excess of $50,000.00 plus costs of this action and any other relief so entitled under Florida law.

**COUNT VI – JEFFREY GILL'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT AMAZON – NEGLIGENT MODE OR MANNER OF OPERATION**

96. Plaintiff re-alleges and re-affirms paragraphs 1 through 41 and 54 through 61 and 75 through 83 above as if fully set forth herein and further states the following:

97. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would reasonably, safely, carefully and/or prudently obtain and/or utilize them. More specifically, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, to only those persons who would refrain from actions including, but not limited to, utilizing those deadly bladed weapons to attack and/or injure and/or attempt to kill and/or kill other persons.

98. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed

weapons described herein, only to persons who were adults and/or who had the express consent of a parent or guardian to obtain such weapons.

99. At all times material hereto, Defendant, AMAZON, owed a duty to the public, including specifically to Plaintiff, JEFFREY GILL, to market and/or sell and/or distribute and/or deliver weapons, including specifically the deadly bladed weapons described herein, only to persons who were of sound mind at the time of purchasing and/or receiving such weapons.

100. At all times material hereto, Defendant AMAZON breached its duty to Plaintiff, JEFFREY GILL, and was negligent in its manner and/or mode of operation, in one or more of the following ways:

a. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were adults, thereby creating a dangerous and/or hazardous condition;

b. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the marketing on Defendant AMAZON's website of the deadly bladed weapons would only be available to or otherwise seen by persons who were of sound mind, thereby creating a dangerous and/or hazardous condition;

c. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not adults from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

d. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not of sound mind from viewing the marketing on Defendant AMAZON's website of the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

e. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person sought to access and/or view the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

f. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person sought to access and/or view the deadly bladed weapons on Defendant

AMAZON's website, thereby creating a dangerous and/or hazardous condition;

g. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not adults from purchasing on Defendant AMAZON's website the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

h. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not of sound mind from purchasing on Defendant AMAZON's website the deadly bladed weapons, thereby creating a dangerous and/or hazardous condition;

i. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person purchased the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

j. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person purchased

the deadly bladed weapons on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

k. Negligently engaging in a practice of improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor, thereby creating a dangerous and/or hazardous condition;

l. Negligently engaging in a practice of improperly selling the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind, thereby creating a dangerous and/or hazardous condition;

m. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not adults from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

n. Negligently engaging in a practice of failing to take reasonable steps or measures to prevent persons who were not of sound mind from receiving delivery of weapons, including specifically the deadly bladed weapons, that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

o. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was an adult at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

p. Negligently engaging in a practice of failing to undertake reasonable and/or proper and/or safe verification and/or confirmation that the individual by the name of Alexander Warren Hernandez was of sound mind at the time that person received delivery of the deadly bladed weapons that were purchased on Defendant AMAZON's website, thereby creating a dangerous and/or hazardous condition;

q. Negligently engaging in a practice of improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was a minor, thereby creating a dangerous and/or hazardous condition;

r. Negligently engaging in a practice of improperly delivering the deadly bladed weapons to the individual by the name of Alexander Warren Hernandez when that person was not of sound mind, thereby creating a dangerous and/or hazardous condition; and/or

s. Negligently engaging in a practice of failing to abide by applicable statutes, including but not limited to Florida Statute section 790.17, regarding the sale or transfer of weapons to minors and/or persons not of sound mind, the violation of which statute constitutes negligence per se or evidence of negligence, and thereby creating a dangerous and/or hazardous condition.

101. The dangerous and/or hazardous condition was reasonably foreseeable to the Defendant, AMAZON, as a result of the Defendant's manner or mode of operation.

102. As a direct and proximate result of the negligence of the Defendant, AMAZON, the Plaintiff, JEFFREY GILL, suffered serious injuries, including, but not limited to:

a. Bodily injuries and resulting pain and suffering; and/or
b. Impairment; and/or
c. Disability; and/or
d. Disfigurement; and/or
e. Mental anguish; and/or
f. Loss of capacity for the enjoyment of life; and/or
g. Loss of earnings, past, present, and future; and/or
h. Loss of earning capacity; and/or
i. Medical expenses for the care and treatment of his injuries; and/or
j. Aggravation of a pre-existing condition.

103. Said injuries are a significant and permanent loss of an important bodily function and/or a permanent injury within a reasonable degree of medical probability and/or a significant or permanent scarring or disfigurement, and

continue in their nature, and Plaintiff, JEFFREY GILL, will suffer such losses and impairment in the future.

WHEREFORE, Plaintiff, JEFFREY GILL, demands judgment against the Defendant, AMAZON, for damages in excess of $50,000.00, plus costs of this action, and any other relief so entitled under Florida law.

**DEMAND FOR JURY TRIAL**

Plaintiffs, ESTATE OF C.G. by and through Diana Wagner as Personal Representative, and JEFFREY GILL, demand a trial by jury as to all issues triable as of right by jury.

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel,

I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED this **2nd** day of September, 2026.

WHITTEL & MELTON, LLC

/s/Christopher Klemawesch

Christopher Klemawesch, Esq.
FBN: 675261
11026 Northcliffe Blvd.
Spring Hill, FL 34608
352-683-2016 – telephone
352-556-4839 – facsimile
Service Email:
Pleadings@theFLlawfirm.com
ck@theFLlawfirm.com
pcorrigan@theFLlawfirm.com
Attorneys for Plaintiff